People v Howard (2026 NY Slip Op 01377)

People v Howard

2026 NY Slip Op 01377

Decided on March 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2025-11186
 (Ind. No. 2568/19)

[*1]The People of the State of New York, respondent,
vAmeer Howard, appellant.

Patricia Pazner, New York, NY (Jordan A. Goodson of counsel), for appellant.
Steven Banks, Corporation Counsel, New York, NY (Jamison Davies and Amy McCamphill of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a resentence of the Supreme Court, Kings County (Rhonda Z. Tomlinson), imposed July 29, 2025, upon his plea of guilty, on the ground that the resentence was excessive.
ORDERED that the resentence is affirmed.
Contrary to the People's contention, the defendant's purported waiver of his right to appeal was invalid (see People v Thomas, 34 NY3d 545). The Supreme Court stated to the defendant that his waiver of the right to appeal meant that "no one will provide you with counsel, transcripts or any help to appeal this conviction and sentence," and "no judge or group of judges will review anything that I or any other judge has done on this case." These statements "utterly mischaracterized the nature of the right [the] defendant was being asked to cede" (id. at 565 [internal quotation marks omitted]) and incorrectly suggested that the waiver may be an absolute bar to the taking of an appeal (see People v Williams, 244 AD3d 1008, 1008; People v Richards, 224 AD3d 782, 782). Under the circumstances, the written waiver of the right to appeal was not sufficient to cure the deficiencies in the court's oral explanation of the waiver (see People v Roseborough, 243 AD3d 594, 594; People v Duffie, 242 AD3d 766, 767). Thus, the purported waiver does not preclude appellate review of the defendant's excessive sentence claim (see People v Batista, 216 AD3d 1176, 1177; People v Garry, 213 AD3d 773, 773).
Nevertheless, the resentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
In light of the foregoing, the parties' contentions either need not be reached or are without merit.
DILLON, J.P., WOOTEN, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court